UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK LEE OSBORNE, | CV F 03 5423 REC SMS P |
| Plaintiff, | |
| v. | ORDER DISMISSING WITH LEAVE TO AMEND (Doc. 18.) |
| TULARE COUNTY SHERIFF'S DEPT, et. al., | ORDER DIRECTING THE CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. | |

Jack Lee Osborne ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on April 11, 2003. On May 19, 2003, the Court dismissed the Complaint with leave to amend because it did not state any claims on which relief could be granted. (Doc. 10.) Plaintiff filed an Amended Complaint on July 16, 2003. (Doc. 13.) The Court dismissed the Complaint again on August 5, 2004, because the Complaint still did not state any claims for relief and also was sufficiently lengthy to violate Rule 8(a). (Doc. 7.) Plaintiff filed a Second Amended Complaint on September 18, 2004. (Doc. 18.) The Second Amended Complaint is currently pending before the Court. Plaintiff names Kevin Hice, Anthony Jones, Deputy Whaley and Deputy Bruce as Defendants

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that on November 4, 2002, Defendant Hice "assaulted him with force." Sergeant Jones retaliated against him by subjecting him to indifference by placing him into an "affiliated cell" after knowing he was in protective housing. Deputy Whaley assisted Deputy Hice during the assault and failed to restrain Hice. Deputy Bruce was part of the plot to retaliate against him by placing him in an environment he knew was detrimental to his safety.

**C. CLAIMS FOR RELIEF**

As in the previous cases, the Court has provided the Plaintiff with law it believed to be relevant to assist Plaintiff in formulating his claims for relief. However, Plaintiff, as in the case before, has not provided sufficient facts that state a cognizable claim for relief. The Complaint consists of merely conclusions and in no way remedies the defects outlined in the previous orders issued by the Court. Plaintiff complains that the Court is delaying his case, however, as noted above, if a Complaint does not allege facts sufficient to state a claim for relief, it must be

dismissed. This is the Court's duty. It is not the Court's duty to proceed with an action just because the Plaintiff says so or because Plaintiff believes he has provided sufficient information. The law requires that each claim state specific facts to demonstrate a plausible claim for relief. This means that if Plaintiff merely provides conclusions like "Defendant Hice assaulted me" without more facts that demonstrate that the act was in retaliation or was excessive under the circumstances, it does not state a claim for relief. This does not mean that Plaintiff can merely say that the force used was "excessive" because this would again be a conclusion. Plaintiff must relate the circumstances (facts) surrounding the events that constitute the claim for relief. When the Court asks for more facts, this does not mean that Plaintiff should write a book of unnecessary information because the Court will not read the entire narrative and pick out which facts may or may not support the claim that the assault was excessive. This is Plaintiff's responsibility. The Court understands Plaintiff's frustration with the Court's requiring him to amend his Complaint. However, if Plaintiff fails to amend to cure the defects, dismissal is required. Again, it is not the Court's or the opposing party's responsibility to try to guess at the background facts that support his claims for relief. Although the Court informed Plaintiff that the last order was the final time it would allow him to amend, the Court will provide Plaintiff with one last attempt to cure the deficiencies. Should Plaintiff fail to do so, the Court will have no choice but to recommend dismissal. The Court will further try to make more clear why the claim for relief is deficient. Plaintiff should pay particular attention to the law provided as it details what elements (or requirements) must be met by Plaintiff to not only prove his case, but more importantly, to state a claim for relief.

### 1. *Excessive Force*

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force,

the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. Hudson, 503 U.S. at 7.  The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. Id. Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. Id. That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. Id. at 9. Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, ". . . [not] every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.)(cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)).  The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition de minimus uses of physical force. Id. at 9-10.

Here, Plaintiff alleges that Defendant Hice "assaulted him with excessive force." As discussed above, this is a conclusion. Plaintiff should attempt to provide a brief statement of facts as to what was going on when the force was used or why, if he knows that. This may aid him in providing sufficient information to determine whether a cognizable claim for relief is stated. Again, Plaintiff should be brief but state enough information as to the background circumstances (facts) without providing irrelevant information or making the Complaint excessively lengthy.

### 2. Failure to Protect

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the

4

alleged deprivation must be, in objective terms, "sufficiently serious." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.

In his complaint, plaintiff alleges that he was a protected custody inmate and was improperly housed with other inmates placing his safety at risk.

Plaintiff's allegation fails to rise to the level of an Eighth Amendment violation for failure to protect. Plaintiff has not alleged facts that demonstrate he was subjected to an objectively serious risk of harm.

> Under the relevant case law, fear of assault does not constitute a 'sufficiently serious' injury sufficient to state a claim under the Eighth Amendment. See Dawes, 239 F.3d at 494 (dismissal of a failure to protect claim affirmed, where plaintiff did not allege he was assaulted by other inmates); Hudson v. Greiner, No. 99 Ci. 12339, 2000 WL 1838324 at *7 (S.D.N.Y. Dec. 13 2000) (plaintiff's allegation that the prison administration knew that placing plaintiff in the general population could lead to his being injured, without an allegation of physical injury, was insufficient to state an Eighth Amendment claim); Bolton v. Goord, 992 F.Supp. 604, 627 (S.D.N.Y. 1998) (evidence that plaintiffs 'lived in fear of assault from their cellmates is not an objectively serious enough injury to support an Eighth Amendment violation); see also Doe v. Welborn, 110 F.3d 520 (7th Cir. 1997) (fear of assault was not 'the kind of extreme and officially sanctioned psychological harm that [supports] a claim for damages under the Eighth Amendment"); Babcock v. White, 102 F.3d 267 (7th Cir. 1996) ("[h]owever legitimate [the plaintiff prisoner's] fears may have been, ... it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment").

Cruz v. Hillman, No. 01 CIV. 4169 DABDF, 2002 WL 31045864 *8 (S.D.N.Y. 2002). Plaintiff allegations demonstrate that he housed with proactive inmates for only a few hours. Plaintiff's allegations demonstrate nothing other than a generalized fear of other inmates, which does not state a claim for relief under the Eighth Amendment.

C.  Retaliation

In his complaint, plaintiff merely alleges that he was subjected to retaliation. However, this is yet again a conclusion. Plaintiff must state the reasons why he believes he was retaliated against and also provide sufficient facts as to how he was retaliated against.

5

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt 65 F.3d at 807. A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. See Pratt 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989). The injury asserted in retaliation cases is the retaliatory conduct's chilling effect on the plaintiff's First Amendment rights. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file a THIRD Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "THIRD AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Second Amended Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a. File a THIRD Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   March 8, 2006**            /s/ Sandra M. Snyder
icido3                                 UNITED STATES MAGISTRATE JUDGE